UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN F. HARRAH, SR.,**    ) | |
| )            | |
| Plaintiff,    ) | |
| )            | |
| v.    ) | Civil Action No.  06-1145 (TFH) |
| )            | |
| )            | |
| **U.S. DEPARTMENT OF TREASURY, et al.**    ) | |
| )            | |
| Defendants.    ) | |
| )            | |
| _____)       | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, respectfully move the Court, pursuant to Fed. R. Civ. P. 8(a) and 12 (b)(6) for an order dismissing Plaintiff's claims in this action inasmuch as Plaintiff has failed to set forth a short and plain statement of his claims and failed to set forth actionable claims. Defendants submit the attached memorandum of points and authorities and a proposed order.

    Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
WYNEVA JOHNSON, D.C. BAR # 278515
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7224

OF COUNSEL:
TERESA DAWSON
Senior Counsel
Office of the Chief Counsel
Department of the Treasury

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN F. HARRAH, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1145 (TFH) |
| ) | |
| ) | |
| **U.S. DEPARTMENT OF TREASURY, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, through counsel, respectfully move this Court, pursuant to Federal Rules of Civil Procedure 8(a) and 12 (b)(6) to dismiss the Revised Complaint.

**A. Plaintiff's Revised Complaint Should Be Dismissed Pursuant to Rule 8(a)**

Plaintiff's Revised Complaint is vague and confusing. It is filled with rambling and incomprehensible statements, none of which articulate any legal claim against defendants. Defendants have no way of determining plaintiff's claims before the Court.

Under the Federal Rules, the principal function of the Complaint is to give the Defendant fair notice of the claims asserted so that the Defendant can make an adequate response, either by answer or dispositive motion. Here, the Revised Complaint fails to meet even these minimum requirements.

Rule 8(a), Fed. R. Civ. P., states that a complaint:

> [S]hall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

demand for judgment for the relief the pleader seeks.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217). "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action). Because Plaintiff's Revised Complaint has failed to comply with Rule 8(a), it should be dismissed.

**B. Plaintiff's Revised Complaint Should Be Dismissed for Failure to State a Claim.**

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) may be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). The Court is to treat the Complaint's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged," Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979). However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions." Akintomide v. United States, 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C.

2

Cir. 1994)). Applying this standard demonstrates that Plaintiff's Revised Complaint should be dismissed.

The allegations in Plaintiff's pleadings and on the exhibits attached thereto, clearly demonstrate that this action should be dismissed. Plaintiff's Revised Complaint is virtually incomprehensible – the only purportedly "factual" allegation is the following: "On May 25, 2007 [sic] Chief Justice made decision in the SC 02-688 and we couldn't get a check in the matter no matter what." (2nd Rev. Compl. ¶ 1.) As relief, the Plaintiff appears to seek "payment" of purported "actual damages granted by Chief Justice Rehnquist in his decision to the plaintiff John F. Harrah Sr." 2nd Rev. Compl. ¶2. The alleged "actual damages" were apparently allegedly awarded in a case brought before the United States Supreme Court (*see* reference to "Chief Justice Rehnquist" and "SC 02-688," 2nd Rev. Compl. ¶1) and apparently allegedly amounted to $800 million (1st Rev. Compl. ¶2).

The referenced U.S. Supreme Court case, No. 02-688, was a petition for a writ of mandamus and/or prohibition in the United States Supreme Court brought by Mr. Harrah. In re John F. Harrah, Sr., 537 U.S. 1087, 123 S. Ct. 692, 154 L. Ed. 2d 649 (2002). That petition was denied. Id. No activity has occurred in No. 02-688 since January 17, 2003, when Mr. Harrah's application to extend time to file a petition for rehearing was denied. *See* Docket for 02-688 (attached as Exhibit 1). No damages were awarded in that action. These undisputed facts on the public record make it clear that Plaintiff's Revised Complaint does not state any claim upon which relief could be granted. Accordingly, based on all the foregoing, Plaintiff's Revised Complaint should be dismissed.

Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
WYNEVA JOHNSON, D.C. BAR # 278515
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7224

OF COUNSEL:
TERESA DAWSON
Senior Counsel
Office of the Chief Counsel
Department of the Treasury

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was mailed, postage pre-paid, to:

JOHN F. HARRAH, SR.
P.O. Box 32135
Washington, DC 20007

on this _____ day of September, 2006.


                                                  \_\_/s/_____
                                                  WYNEVA JOHNSON, D.C. BAR # 278515
                                                  Assistant United States Attorney
                                                  Judiciary Center Building
                                                  555 4th Street, N.W. - Civil Division
                                                  Washington, D.C.  20530
                                                  (202) 514-7224