UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN F. HARRAH, SR.,

        Plaintiff,

v.

UNITED STATES TREASURY
DEPARTMENT,

-and-

CHAIRMAN, FEDERAL RESERVE
BOARD,

        Defendants.

Civ. Action No. 06-01145 (TFH)

### MEMORANDUM OPINION

Pending before the Court is [6] Defendants' Motion to Dismiss, which was filed by the United States Treasury Department and the Chairman of the Federal Reserve Board. The defendants seek to dismiss the Complaint filed by pro se plaintiff John F. Harrah pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to meet minimum pleading requirements and fails to state a claim for relief. Mem. Of P&A In Support Of Defs.' Mot. To Dismiss 2-3 (hereinafter "Defs.' Opp'n Br."). For the reasons set forth below, the Court agrees that the plaintiff failed to state a claim for relief. Consequently, the defendants' motion will be granted.

## BACKGROUND

On June 23, 2006, the plaintiff filed a Complaint against the defendants alleging that "[o]n May 25, 2007 [sic] Chief Justice began 6 decisions in the SC 02-688 and we couldn't get a check in the matter no matter what." Compl. 1. One week after filing his Complaint, the petitioner filed a Revised Complaint raising the same allegation but further clarifying that "[t]his is a civil action law suit, to recover the actual check of actual damages of $800 million granted by Chief Justice Rehnquist in his decisionh [sic] to the plaintiff John F. Harrah Sr." and explaining that "[i]t is apparent that 'hide and seek' has been played with the check," which he asserts "could be due to the 'Harrah Affair.'" Amended Compl. ¶ 1-2 (6/30/2006). Attached to the Revised Complaint are several letters addressed to the Office of the Treasurer describing in a rambling fashion what the plaintiff asserts are conspiracies relating to a lawsuit he filed in the Supreme Court. *Id.* Ex. 1-5. Nearly a month later, he filed a second Revised Complaint that duplicates the same allegations raised in his prior pleadings. Amended Compl. (7/25/2006).

On September 15, 2006, the defendants filed their motion to dismiss, arguing that the plaintiff's Revised Complaint is "vague and confusing" and fails to give fair notice of the asserted claim. Defs.' Opp'n Br. 1-2. The defendants further contend that the plaintiff's Revised Complaint fails to state a claim for relief. *Id.* 2-3.

In opposition to the defendants' motion to dismiss, the plaintiff filed a document styled as a Motion for Judges Order for Questionnaire Status; Denial of First Request for Dismissal (Docket Entry No. 7). The plaintiff appears to oppose dismissal on the ground that the defendants "should have far better access to 'reading machines' which could be essential to understanding of this complex subject." Pl.'s Opp'n Br. ¶ 1. The plaintiff further argues that a

purported questionnaire he apparently believes was "filled out on 8/15/06 at the Dallas fed" be deemed an order and that "efforts be made to understand the transmission of the payment of actual damages by secretary Sheffield and the subsequent blockage of me from the Fed by Judge Hogan, John Sledge and Bill Hendren." *Id.* ¶ 2. The plaintiff also identifies what appear to be bank account numbers, his social security number, and his home telephone number, which the Court discerns he is providing to facilitate the deposit of the $800 million he believes he is due. *Id.* ¶ 3.

## DISCUSSION

To comply with Federal Rule of Civil Procedure 8(a), a complaint must contain short and plain statements of the grounds for jurisdiction and the claim showing that the plaintiff is entitled to relief, as well as a demand seeking judgment for the requested relief. Fed. R. Civ. P. 8(a). As far as the statement of the claim is concerned, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.*

Applying this standard, the Court is compelled to agree with the defendants that the plaintiff failed to state a claim for relief. At best, the plaintiff claims he is entitled to $800 million but offers no credible grounds for asserting that claim. The plaintiff cites to a Supreme Court case he filed, but that case ended five years ago when the Supreme Court denied the requested writ of mandamus and/or prohibition. *In re John F. Harrah, Sr.*, 537 U.S. 1087

(2002). Otherwise, the plaintiff cited no valid judgment entitling him to $800 million, nor did he give any indication that the defendants had committed any act or omission that would entitle him to such relief.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. An appropriate order will accompany this Memorandum Opinion.

September 5, 2007

Thomas F. Hogan
Chief Judge